CP:SLD:PEN
F.# 2008R00343
OCDETF# NY-NYE-0531

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ELIZABETH MORAN-TOALA,

        Defendant.

- - - - - - - - - - - - - - - - -X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§
371 and 3551 et seq.)

THE GRAND JURY CHARGES:

    At all times relevant to this Indictment, unless otherwise indicated:

    1.  The defendant ELIZABETH MORAN-TOALA was employed by the United States Department of Homeland Security as a Customs and Border Protection officer ("CBP officer") and was assigned to the CBP facility located at the Fort Lauderdale-Hollywood International Airport, Fort Lauderdale, Florida.

    2.  Co-conspirator #1, an individual whose identify is known to the Grand Jury, was employed by Delta Airlines ("Delta") as a baggage handler for Delta Connection at John F. Kennedy International Airport ("JFK"). Co-conspirator #1 utilized his position with Delta to assist criminal organizations with importing controlled substances, including heroin, cocaine and ecstasy, into the United States aboard Delta flights (the "drug importation schemes"), all in violation of Title 21, United States Code, Sections 841(a)(1), 846, 960(a)(1) and 963.

3.  The Treasury Enforcement Communications System, also known as "TECS," was an electronic database which CBP officers were authorized to use as a tool to, among other things, interdict the illegal importation of controlled substances.

4.  The defendant ELIZABETH MORAN-TOALA utilized her position as a CBP officer to provide information from TECS to assist Co-conspirator #1 with the drug importation schemes.

<u>UNLAWFUL USE OF COMPUTER CONSPIRACY</u>

5.  The allegations contained in paragraphs one through five are realleged and incorporated as though fully set forth in this paragraph.

6.  In or about and between January 2006 and October 30, 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ELIZABETH MORAN-TOALA, together with Co-conspirator #1 and others, did knowingly and intentionally conspire to access a computer without authorization or to exceed authorized access to a computer, and thereby obtain TECS information from a department of the United States, to wit: the Department of Homeland Security, which offense was committed in furtherance of a criminal act in violation of one or more of the laws of the United States, to wit: Title 21, United States Code, Sections 841(a)(1), 846, 960(a)(1) and 963, in violation of Title 18, United States Code, Sections 1030(a)(2)(B) and 1030(c)(2)(B)(ii).

7.  In furtherance of the conspiracy and to effect its

objectives, within the Eastern District of New York and elsewhere, the defendant ELIZABETH MORAN-TOALA, together with others, committed and caused to be committed, among others, the following:

## OVERT ACTS

a. On or about February 14, 2006, MORAN-TOALA accessed information from TECS related to a seizure of heroin and cocaine at JFK on February 11, 2006.

b. On or about September 26, 2007, MORAN-TOALA accessed information from TECS related to a criminal investigation of Co-conspirator #1 by the Department of Homeland Security, Immigration and Customs Enforcement at JFK.

c. On or about August 26, 2007, Co-conspirator #1 spoke to John Doe #1, an individual whose identity is known to the Grand Jury and who was involved in the drug importation schemes, regarding an August 24, 2007 seizure of heroin and cocaine at JFK and a plan to solicit information about the seizure from MORAN-TOALA.

d. On or about August 29, 2007, MORAN-TOALA accessed information from TECS related to a seizure of heroin and cocaine at JFK on August 24, 2007.

e. On or about September 1, 2007, MORAN-TOALA accessed information from TECS about John Doe #2, an individual whose identity is known to the Grand Jury and who was involved in the drug importation schemes, and then placed a telephone call to

4

the Delta Connection facility at JFK where Co-conspirator #1 worked.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

# INFORMATION SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1. Title of Case: _____Elizabeth Moran-Toala_____

2. Related Magistrate Docket Number(s)_____

   None ( )

3. Arrest Date: _____

4. Nature of offense(s):  X   Felony
                          ☐   Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules): _____

6. Projected Length of Trial:   Less than 6 weeks   ( X )
                                More than 6 weeks   ( )

7. County in which crime was allegedly committed: _____QUEENS_____
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment/information been ordered sealed?    ( X ) Yes  ( ) No

9. Have arrest warrants been ordered?                       ( X ) Yes  ( ) No

               BENTON J. CAMPBELL
               UNITED STATES ATTORNEY
        By:    _____
               Patricia E. Notopoulos
               Assistant U.S. Attorney
               718-254-6354

Rev. 3/22/01