

**U.S. Department of Justice**

*United States Attorney's Office*
*Eastern District of New York*

---

WMN:PEN

*271 Cadman Plaza East*
*Brooklyn, New York   11201*

January 3, 2011

The Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: United States v. Elizabeth Moran-Toala
    <u>Criminal Docket No. 08 CR 103 (S-1)(FB)</u>

Dear Judge Block:

  The government respectfully submits this letter pursuant to the Court's direction to assess the impact of the Second Circuit's holding in the case of <u>United States v. Marbury</u>, 274 F.2d 899 (2nd Cir. 1960) in light of <u>United States v. Thomas</u>, 116 F.3d 606 (2nd Cir. 1997).  For the reasons set for below, the government believes that neither case in applicable to the instant case.

A. <u>FACTS</u>

  On April 2, 2009, a grand jury returned a two-count superseding indictment which charged the defendant, in Count One, with a violation of Title 21, United States Code, Section 846, conspiracy to import cocaine (cocaine conspiracy) and, in Count Two, with a violation of Title 18, United States Code, Section 371, specifically conspiring to unlawfully access a government computer contrary to Title 18, United States Code, Section 1030(a)(2)(B)(computer conspiracy).  Section 1030 carries a sentencing provision that provides for "a fine under this title or imprisonment for not more than 5 years, or both, . . . if (ii) the offense was committed in furtherance of any criminal or tortuous act in violation of the Constitution or laws of the United States  . . . ."  Trial commenced on June 20, 2011.

  On July 27, 2011, after the parties rested and gave their closing arguments, the Court delivered the jury charge. With regard to the sentencing provision of Section 1030(c)(B)(ii), the Court instructed the jury that they should render a special verdict as follows:

- 2 -

> If you determine, in respect to count two, that the defendant is guilty of that count, you must determine whether the government has proved beyond a reasonable doubt that Section 1030(2)(b) – that the offense in that section was committed in furtherance of a criminal act in violation of the Constitution and laws of the United States: namely, the conspiracy to import narcotics as charged in count one. It's linked to count one if you find she is guilty.
>
> The phrase in furtherance means with the intent to help, advance, move forward, promote or facilitate. The government must therefore show that the defendant engaged in the conduct of accessing the United States Department of Homeland Security computer in excess of authorization, with the intent to advance, move forward, promote or facilitate the conspiracy charged in count one about which I've already instructed you.

T. at 665.[1]

At approximately 4:00 p.m., on June 28, 2011, the jury delivered a note which read, "Count 2, must the verdict in number 4 [finding that the offense in Count Two was committed in furtherance of a criminal act] be in agreement with number 1 [Count One]?" (T. at 692). In discussing that note, the government argued that the relevant portion of Section 1030(c)(B)(ii) only required the jury to find that the defendant knew that her unlawful access to the computer furthered a crime and did not require a finding that the underlying crime charged in Count One was actually committed. Defense counsel argued that the jury must find the defendant guilty of Count One to sustain a verdict for Count Two. The Court ultimately responded to the jury question by saying, "No." (T. at 700). Approximately one half hour later, the jury returned a verdict of not guilty as to Count One and guilty as to Count Two.

B.  THE THOMAS CASE

In the Thomas case, the district court dismissed a deliberating juror of whom other jurors complained during an in camera hearing that, among other things, the juror was engaging

---

[1] References to "T." following by a number refer to the respective page of the trial transcript.

in disruptive behavior, was refusing to deliberate, was citing disapproval of drug law and was exhibiting sympathy for the defendants. United States v. Thomas, 166 F.3d at 611. One juror noted that the disruptive juror had pointed out the insufficiency of evidence in the government's case. The court concluded that the disruptive juror was refusing to convict "because of preconceived, fixed, cultural, economic [or] social . . . reasons that are totally improper and impermissible." Id. at 612. In sum, the court found that the defendant was attempting to nullify the verdict.

In reversing the conviction of the Thomas defendants, the Second Circuit held that, "[i]nasmuch as no juror has a right to engage in nullification--and, on the contrary, it is a violation of a juror's sworn duty to follow the law as instructed by the court--trial courts have the duty to forestall or prevent such conduct, whether by firm instruction or admonition or, where it does not interfere with guaranteed rights or the need to protect the secrecy of jury deliberations, by dismissal of an offending juror from the venire of the jury." Id. at 616 (citations omitted). However, in the Thomas case, the Second Circuit held that the district court's examination of the jurors impermissibly invaded the jury's privacy by touching on the mental processes of the deliberating jurors, finding that, "[w]here the duty and authority to prevent defiant disregard of the law or evidence comes into conflict with the principle of secret jury deliberations, we are compelled to err in favor of the lesser of two evils--protecting the secrecy of jury deliberations at the expense of the possibly allowing irresponsible juror activity." Id. at 620, 623.

C.   The Marbury Case

In Marbury, the Second Circuit overturned a conviction of a defendant who was found guilty following a bench trial of uttering a forged check while acquitted of the substantive forgery of the check. While reaffirming under United States v. Dunn, 284 U.S. 390 (1932), and its progeny, the validity of inconsistent jury verdicts, the Second Circuit held that this principle did not apply to a bench trial before a court. United States v. Marbury, 274 F.2d at 901-903.

In discussing the reversal of the conviction, the Second Circuit granted a new trial on the count of conviction. In doing so, the Marbury Court unanimously found that a retrial of the uttering count was not barred by double jeopardy. Although noting that Chief Judge Lumbard believed that res judicata precluded the admission of evidence of the defendant's forgery of the check at issue in a retrial of the count involving

- 4 -

the defendant's uttering of the forged check, thereby precluding prosecution of the uttering charge, Judge Friendly, in writing the majority opinion, stated that res judicata had never been applied to the acquittal of multiple counts and, in particular, when the acquitted count was inconsistent with a count of conviction. United States v. Marbury, 274 F.2d at 905. Judge Friendly also noted the use of the res judicata principle in this circumstance "would convert the guarantee of double jeopardy from a shield to a sword." Id. at 905. The Marbury Court also rejected the argument that retrial of the count of conviction would maintain the inconsistency, reasoning that a jury in a retrial would be free to reach a verdict through a means that was not inconsistent. Id. at 905-906.

D.  ARGUMENT

At the outset, the government reiterates its position set forth in its October 21, 2011 submission that the jury's verdict was not inconsistent. Based upon the statutory requirement that the jury needed only to find that the defendant unlawfully accessed a government computer "in furtherance of a criminal act in violation of the Constitution and laws of the United States," the jury was not required to find that the defendant specifically knew the information she accessed furthered a narcotics conspiracy let alone that she actually participated in the crime.

The jury may well have found that, although the defendant believed that Espinal asked her to access information that would assist him in the commission of a crime, or even in the commission of a narcotics offense, she did not have a sufficient understanding of the full nature and scope of the charged cocaine importation conspiracy to have formed the requisite intent to knowingly and intentionally agree to participate in the crime. Indeed, a person may even take actions that help a conspiracy succeed without being part of the conspiracy. See United States v. Morgan, 385 F.3d 196, 206 (2d Cir. 2004) ("There must be some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it."); see also United States v. Cruz, 363 F.3d 187, 198-99 (2d Cir. 2004)(evidence that showed a defendant was at the scene of the crime and who likely knew that some type of crime was being committed was insufficient to show that the defendant knew the specific crime that was being committed).

Section 1030's scienter requirement is similar to the money laundering statute, which requires that a defendant who

conducts certain financial transaction know "that the property involved [in the] financial transaction[s] represents the proceeds of some form of unlawful activity." Title 18, United States Code, Section 1956. The law is well-settled that the defendant not need have specific knowledge of the exact nature of the unlawful activity. See United States v. Maher, 108 F.3d 1513, 1526 (2d Cir. 1997).

Thus, as the jury's verdict was not inconsistent, neither Thomas nor Marbury, which address concerns over inconsistent verdicts and jury nullification, have any applicability to the instant case.

The defendant argues that the Court's instruction that the special verdict was "linked to count one" required the jury to find the defendant guilty of the narcotics conspiracy to convict her of the felony computer conspiracy. This argument fails for two reasons. First, the Court's instruction that the special verdict for the computer count was "linked" to the narcotics verdict was not tantamount to an instruction that the jury was required to convict the defendant of the narcotics count -- only that there was a relation between the counts. Second, even if it were the Court's intent to instruct the jury that the defendant could only be convicted of Count Two if she were guilty of Count One, this instruction would have been erroneous (in the defendant's favor) because it would require the government to prove more elements than that required by the statute. Thus, when the Court advised the jury that a conviction for the narcotics conspiracy was not required for a conviction of the computer conspiracy, the Court was simply correcting its prior erroneous instruction -- an act which did not undermine the validity of the jury's verdict.

The defendant also argues, relying on Thomas, that the Court's instruction that the special verdict did not have to "agree" with the verdict for the narcotics conspiracy invited an inconsistent verdict. That argument is false. First, the Second Circuit's holding in Thomas solely applied to a bench trial and is inapplicable to a jury verdict. Second, by giving the jury a correct instruction, Court could not have committed error and invited the jury to render an improper verdict.

Moreover, the defendant's position runs afoul of the Marbury holding. Although jury nullification (e.g., refusal to follow the law during deliberation) might be an explanation for the jury's seemingly inconsistent verdict, for the reasons set forth above, there are other equally viable explanations for the verdict. For the Court to overturn the defendant's conviction based upon the speculative conclusion that the jury reached its

- 6 -

verdict through nullification, the Court would undermine the jury process. In fact, this is also exactly what <u>Thomas</u> forbids in instructing a court not to meddle in the jury's processes.

      Ultimately the dispute in this case has its origin in the interpretation of the elements required for the sentencing enhancement under Section 1030(c)(B)(ii). As the Second Circuit has not specifically addressed this issue, it would be proper to sentence the defendant and allow the matter to be determined by the Court of Appeals rather than to overturn a jury verdict by having the Court substitute its own beliefs as to what the jury intended during deliberations.

E.    <u>EFFECT OF GRANTING RULE 33 MOTION</u>

      Should the Court grant the defendant's motion filed pursuant to Rule 33 of the Federal Rules of Criminal Procedure, a new trial should not be ordered for Count One (the narcotics conspiracy) as principles of double jeopardy apply. However, the government believes that a new trial should be ordered for Count Two (the computer conspiracy) for the reason set forth in <u>Marbury</u>, namely that principles of <u>res judicata</u> do not apply to multiple counts involving an inconsistent verdict. <u>United States v. Marbury</u>, 274 F.2d at 905.

F.    <u>CONCLUSION</u>

      For the reasons set forth above, the jury's verdict does not provide grounds to support the defendant's motion pursuant to Rule 33 motion. Accordingly the defendant's motion should be denied.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              UNITED STATES ATTORNEY


                    BY:   <u>s/ Patricia E. Notopoulos</u>
                              Patricia E. Notopoulos
                              Assistant U.S. Attorney
                              (718) 254-6354