UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

ELIZABETH MORAN-TOALA

                Defendant.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 08-CR-103 (FB)

*Appearances:*
*For the Government*
LORETTA LYNCH, ESQ.
United States Attorney
Eastern District of New York
By:   PATRICIA E. NOTOPOULOS, ESQ.
       Assistant United States Attorney
Criminal Division
225 Cadman Plaza East
Brooklyn, NY 11201

*For the Defendant*:
FLORIAN MIEDEL, ESQ.
111 Broadway
Suite 1401
New York, New York 10006

**BLOCK, Senior District Judge:**

        Defendant Elizabeth Moran-Toala was convicted, following a jury trial, of conspiracy to exceed authorized access to a computer and acquitted of conspiracy to import narcotics. She now moves, pursuant to Rule of Criminal Procedure 33, to overturn the jury's additional finding that the computer access conspiracy was "committed in furtherance of any criminal or tortious act in violation of the Constitution or laws of the United States or of any State," 18 U.S.C. § 1030(c)(2)(B)(ii), on the ground that the Court improperly informed the jury that this finding did not need to be consistent with its verdict on the narcotics conspiracy charge.[1] The motion is denied for the reasons that follow.

---

[1] Pursuant to Rule 33, a court "may vacate any judgment and grant a new trial if the interests of justice so requires." Fed. R. Crim. P. 33; *see also U.S. v. Triumph Capital Group, Inc.*, 544 F.3d 149, 159 (2d Cir. 2008).

I

Moran-Toala was a Customs and Border Protection (CBP) officer at Fort Lauderdale-Hollywood International Airport, in Fort Lauderdale, Florida. She was indicted on February 19, 2008, and the grand jury issued a superceding indictment on April 2, 2009. The government alleged that between approximately January 1, 2006, and October 30, 2007, Moran-Toala used her position to access a Department of Homeland Security database and provide confidential information to a co-conspirator involved in a narcotic importation scheme. The superceding indictment charged her with (1) conspiring to import heroin and cocaine, in violation of 21 U.S.C. §§ 963, 960(a)(1), (b)(1)(A), (b)(1)(B)(ii), and (2) intentionally conspiring to access a computer without authorization and exceed authorized access to a computer, in violation of 18 U.S.C. § 1030(a)(2)(B). It also alleged that the computer access offense was committed in furtherance of a criminal act, namely the narcotics importation conspiracy, elevating it to a felony. *See* 18 U.S.C. § 1030(c)(2)(B)(ii).

Trial commenced on June 21, 2011. Following summations, the Court charged the jury that, in order to be a conspirator, the defendant must have

> knowingly deliberately [*sic*] joined in and participated in the unlawful agreement or plan with the specific intent to advance or further some unlawful objective or purpose of the conspiracy. Thus, if a person with an understanding of the unlawful character of the plan knowingly and intentionally encourages, advises, assists [*sic*] for the purpose of furthering the unlawful undertaking or scheme, she thereby becomes a conspirator.

Tr. at 654. The court explained that "the defendant need not have been fully informed of all the details or the scope of the conspiracy in order to justify an inference or knowledge

2

on her part"; it is enough if the defendant "knew of the existence of the scheme and knowingly joined and participated in it." Tr. at 655.

The Court further instructed the jury that if it found the defendant guilty of the computer access charge – count two – it was required to determine whether that offense was "committed in furtherance of a criminal act in violation of the Constitution and laws of the United States; namely, the conspiracy to import narcotics charged in count one. It's linked to count one if you find she is guilty." Tr. at 665. The Court defined "in furtherance" to mean "with the intent to help, advance, move forward, promote or facilitate." Tr. at 665. It reiterated that "if you find that there is guilt in respect to count two, then you must determine whether it was in furtherance of the crime in count one." Tr. at 666. These instructions were reflected on the verdict sheet. Question one asked whether Moran-Toala was guilty of count one, conspiracy to import a controlled substance; question three asked whether she was guilty of conspiracy to unlawfully use a computer; and question four asked whether, if she was guilty of count two, it was "in furtherance of the crime charged in Count One, namely, the conspiracy to import a controlled substance." Def. Motion. Ex. A.

At approximately 4:15 p.m. on June 28, the first full day of deliberations, the jury asked, "[m]ust the verdict in [question] number four be in agreement with count number one?" The Court solicited counsel's advice. The government's position was that the answer should be no, as Moran-Toala might have possessed sufficient intent to have exceeded authorized commuter access in furtherance of the importation scheme without having enough knowledge of the conspiracy to be deemed a member. In response, defense

3

counsel argued that the note should be answered affirmatively; he took the position that if Moran-Toala were innocent of the importation conspiracy, she could not have used her computer to intentionally advance or facilitate the conspiracy.  The Court noted that it was inclined to agree with defense counsel as a matter of logic, but told the jury "no" in answer to its question.

Roughly 20 minutes later, the jury reached its verdict.  It found Moran-Toala not guilty on count one, conspiring to import a controlled substance; guilty on count two, conspiring to unlawfully use her computer; and that count two was committed in furtherance of the importation conspiracy.

Moran-Toala now contends that the jury's finding that the computer conspiracy was committed in furtherance of the narcotics conspiracy should be vacated because the Court erred in instructing the jury that its finding did not have to be consistent with its verdict on count one.  In response, the Government maintains that there is no inconsistency and, if there is, it does not constitute error.

## II

Moran-Toala acknowledges that inconsistency is not in itself grounds for vacating the jury's verdict. *See United States v. Powell*, 469 U.S. 57, 62-67 (1984) (reaffirming that inconsistent verdicts are unreviewable); *Dunn v. United States*, 284 U.S. 390, 393 (1932) ("Consistency in the verdict is not necessary."); *U.S. v. O'Connor*, 650 F.3d 839, 856 (2d Cir. 2011) ("[I]nconsistent verdicts are not a ground for reversal.").  She argues, however, that the Court erred in instructing the jury of its power to render an inconsistent verdict and that this erroneous instruction requires the enhancement finding to be vacated.

4

**a. Whether the Court sanctioned an inconsistent verdict.**

The initial question is whether the Court's response to the jury note sanctioned a verdict that was inconsistent. The government argues, as it did when the note was before the court, that Moran-Toala could have exceeded computer access in furtherance of the narcotics trafficking conspiracy without being considered a member of that conspiracy. The elements of conspiracy are "that the defendant agreed with another to commit the offense; that he knowingly engaged in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy; and that an overt act in furtherance of the conspiracy was committed." *United States v. Monaco*, 194 F.3d 381, 386 (2d Cir. 1999).

While there may be scenarios in which an individual can act in furtherance of a conspiracy without joining the conspiracy, there is no view of the evidence in this particular case that would permit that conclusion. The government's theory at trial was that Moran-Toala would, at a co-conspirator's request, periodically access confidential information regarding narcotics seizures and other information and pass it on to the co-conspirator. On these facts, she cannot be guilty of conspiring to unlawfully use her computer "in furtherance of . . . the conspiracy to import a controlled substance," – with "in furtherance" defined in the jury charge as "with the intent to help, advance, move forward, promote or facilitate" – but not guilty of conspiring to import a controlled substance.[2] By finding that Moran-Toala committed the conspiracy computer offense "in furtherance of the crime charged in Count one," the jury necessarily determined that she

---

[2]Neither party argues that the jury charge was erroneous.

5

had agreed with another – her co-conspirator on the computer charge – to commit the crime; that she had intentionally advanced the narcotics conspiracy; and that she had committed an overt act in furtherance of the conspiracy. Put simply, Moran-Toala could not have intentionally misused her computer to advance a narcotics conspiracy without being a member of that conspiracy. Thus, when the jury asked whether the special verdict on the sentencing enhancement needed to be "in agreement" with its verdict on count one, it was effectively asking whether the verdict had to be consistent.

**b. Whether the Court erred in responding to the jury's note**

In arguing that the Court erred in responding to the jury note, Moran-Toala relies primarily on the Second Circuit's strong language regarding a trial court's responsibility to prevent jury nullification. An inconsistent verdict is a form of jury nullification – it reflects either juror confusion or the jury's assumption of "a power which they [have] no right to exercise, but to which they were disposed through lenity." *Dunn*, 284 U.S. at 393 (quoting *Steckler v. United States*, 7 F.2d 59, 60 (2d Cir. 1925)); *see also U.S. v. Lynch*, 162 F.3d 732, 747 (2d Cir. 1998) (describing *Dunn* and *Powell*, which address inconsistent verdicts, as jury nullification cases). Although the jury possesses "unreviewable power . . . to return a verdict of not guilty for impermissible reasons," *see Powell*, 469 U.S. at 63, the Second Circuit has "categorically reject[ed] the idea that . . . courts may permit [jury nullification] to occur when it is within their power to prevent." *United States v. Thomas*, 116 F.3d 606, 614 (2nd Cir. 1997). Nullification "is a violation of a juror's sworn duty to follow the law . . . [and] trial courts have the duty to forestall or prevent such conduct." *Id.* at 616. Indeed, "it would be a dereliction of duty for a judge to remain

6

indifferent to reports that a juror is intent on violating his oath." *Id*. Moran-Toala contends that the Court therefore erred by telling the jury, in effect, that its findings did not have to be consistent and that this error is grounds for vacating the enhancement finding.

Defendant's argument is flawed because, even assuming that the Court erroneously sanctioned an inconsistent verdict, that error would not alter the general rule that such verdicts are unreviewable. Every inconsistent verdict "present[s] a situation where 'error,' in the sense that the jury has not followed the court's instructions, most certainly has occurred." *Powell*, 469 U.S. at 65. These verdicts are unreviewable not for lack of error, but because it is "unclear whose ox has been gored." *Id.* at 65. As the Supreme Court explained in *Powell*, the inconsistency may be the result of "mistake, compromise, or lenity," and therefore "should not necessarily be interpreted as a windfall to the Government at the defendant's expense." *Id.* "Given this uncertainty, and the fact that the Government is precluded from challenging the acquittal," the defendant cannot use the inconstancy as grounds for a new trial. *Id.*

The rationale underlying *Powell* is fully applicable in this case, regardless of whether the Court sanctioned the jury's error. Had the Court told the jurors that their findings on count one and the special verdict were required to be consistent, Moran-Toala might have been convicted on the narcotics conspiracy. There is no indication that any error here was in the government's favor, and the Court cannot "guess which of the inconsistent verdicts is 'the one the jury really meant.'" *United States v. Acosta*, 17 F.3d 538, 545 (2d Cir. 1994) (quoting *Powell*, 469 U.S. at 68) (further internal quotation marks omitted).

7

The verdict will therefore stand. Moran-Toala's motion is denied.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 8, 2012